IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACQUEL LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-416-RGA |
| MICROSOFT CORPORATION AND ALEXIS COATES, | : |
| Defendants. | : |

Racquel Lewis, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November __, 2023
Wilmington, Delaware



ANDREWS, U.S. District Judge:

Plaintiff Racquel Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). She commenced this action on April 17, 2023. (D.I. 3). Pending are three motions to seal (D.I. 1, 6, 9), a motion to add a charge of employment discrimination (D.I. 7), and a motion to stop Microsoft (D.I. 8). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Jurisdiction is based on diversity of citizenship.

## BACKGROUND

Plaintiff names as Defendants Microsoft Corporation and Alexis Coates. Ms. Coates is described as "a Microsoft Developer and an Educator contracted by Baltimore City/County Schools." (D.I. 3). The only other allegation naming her is, "Alexis Coates blocked an email on March 31, 2023 to EEOC by use of Microsoft Exchange." (*Id.*). How Ms. Coates managed this is left to the imagination.

The allegations in the complaint are at best cryptic. But I think what Plaintiff is saying is that various entities use a Microsoft service known as a "custom mail flow rule" that sometimes result in the blocking of Plaintiff's emails.[1] Plaintiff lists two dates when an email was blocked—1/3/23 & 3/31/23. She lists other dates with other events. "January 24, 2023 – Microsoft Azure Wave was located in my hotspot connected with storage of 710 MB." "January 27, 2023 – Azure Blob was connected to my email browser activity." February 9, 2023 & April 16, 2023 – "Game Center on Phone was

---

[1] The clearest example is when Plaintiff states, "Public Safety, CCBC – Community College of Baltimore County uses Microsoft products to cause blocks, intentional frustrations." (D.I. 3 at 5). Plaintiff later attaches a message stating that an email was blocked by a custom mail flow rule. (D.I. 7-1).

1

active without my consent or knowledge." Plaintiff describes this activity as Microsoft having "hacked [her] computers," blocking her online transactions, including an email to a supervisor with the Equal Employment Opportunity Commission and court filings, and as "ongoing retaliation." She requests $2 million in damages and a "[c]omplete end to all activity of Blocking." (*Id.* at 7).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

2

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's complaint, even when viewed in the light most favorable to her, does not state a claim. The use of labels such as "hacking" and "retaliation" does nothing to aid her case. The cryptic descriptions of events on various identified dates, while they undoubtedly frustrate Plaintiff, give no factual basis to believe that Microsoft is committing some tort, breaching some contract, or otherwise violating some law.

Plaintiff's motions to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982).

Plaintiff's motion to add a charge of employment discrimination will be construed as a motion for leave to amend and will be denied as futile. At a minimum, employment discrimination would require that Plaintiff sought employment with, or was employed by, Microsoft, neither of which she alleges. Plaintiff's motion to stop Microsoft will be denied.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). While I suspect amendment is futile, Plaintiff will be given until December 20, 2023, to file an amended complaint. Failure to do so will result in the case being closed.

An appropriate Order will be entered.